## Commonwealth v. Burdette

*D. Dale Claypool*, District Attorney, for Commonwealth.

*Robert E. Pryde*, Public Defender, for defendant.

HOUSE, P. J., May 19, 1972.—This interesting case arises upon an application to suppress evidence secured pursuant to the execution of search warrants. The warrants in question were issued by Justice of the Peace Sydney F. Toy upon the application of Ford City Police Chief Stanley Sadeski. The application for search warrants consisted of a typewritten sheet of facts relating to the case headed "Probable Cause" and signed at the end by Chief Sadeski. The evidence adduced at hearing shows that Chief Sadeski prepared this document prior to making his application to the justice of the peace for the issuance of search warrants. The evidence further shows that the justice of the peace did, in fact, administer an oath to Chief Sadeski whereby the police officer swore to the facts contained in the "Probable Cause" document.

Justice of the Peace Toy testified that, through oversight, he failed to note the swearing and subscription on the face of the document and failed to sign and place his seal thereon. It is this failure which defendant contends is fatal to the warrants and thus fatal to the evidence obtained by means of execution of the warrants.

Defendant contends that the fact that the oath was administered to Chief Sadeski is not enough and that it is necessary to the validity of the warrants that the oath be in writing and/or in usual affidavit form.

We have concluded that the search warrants did not issue in proper manner and that they were not "supported by oath or affirmation subscribed to by the affiant."

We have found no cases, at least in Pennsylvania, which are directly in point, that is, no cases defining the formal requirements of an affidavit supporting a search warrant application.

However, in Commonwealth v. McCleary, 76 York

105 (1962), it was held that where the application for search warrant on its face indicates it was sworn to by the affiant and in the absence of a showing that this is not true, it must be assumed that the magistrate acted properly in the official act of taking the affidavit to the complaint.

In McCleary, the complaint was in the usual form of an affidavit and recited that affiant was "duly sworn according to law" but nowhere did the magistrate note on the affidavit that he had, in fact, administered the oath to the affiant nor was any testimony taken at hearing to establish that an oath was administered. In fact, McCleary appears to have been decided by the court without any hearing whatsoever.

In our case, we have a complaint which is not in the usual affidavit form but which is subscribed to by the affiant and which was sworn to by affiant upon an oath administered by the justice of the peace. The justice of the peace did not, however, note the "oath" upon the face of the complaint.

Must the fact of an oath be noted on the face of the complaint to give validity to it and thus to the search warrants based upon it? We think it must be so noted, at least in cases such as this, where the facts are in writing and subscribed to by the police officer but are not in usual affidavit form and nowhere is it indicated thereon that an oath or affirmation was made or given.

The Act of April 23, 1903, P. L. 290, sec. 1, 42 PS §144, reads as follows:

"The several justices of the peace of this Commonwealth shall hereafter provide for themselves and use a seal of office, to be affixed to all affidavits, transcripts, and all other official papers."

The legislature has never prescribed any particular form or forms which an affidavit must take. We take

the view, therefore, that the form of the affidavit application for search warrant is unimportant so long as it is "supported by the oath or affirmation sub-scribed to by the affiant" as required by the Consti-tution of Pennsylvania, Article I, sec. 8.

In the case at bar, there is nothing on the face of the document headed "Probable Cause" which indi-cates that it is an affidavit or that it was so intended. Had the justice of the peace placed his seal of office upon the face of the document headed "Probable Cause," we could have concluded that this document was intended as an affidavit and properly could be considered to be such.

Numerous appellate decisions hold that verbal evidence may be received to support the elements of "probable cause" but there appear to be no deci-sions to the effect that verbal evidence can be re-ceived to support the requirement that the affiant's information be given under "oath or affirmation."

It would appear that the failure of the justice of the peace to note on the face of a document that it was made or affirmed upon oath or affirmation adminis-tered by him together with the failure to place the seal of office thereon must be held to be a fatal defect in a document which cannot otherwise be identified as an "affidavit."

The warrants, having issued in this case without being supported by oath or affirmation subscribed to by the affiant, are fatally defective and the evi-dence obtained in the execution of these warrants is inadmissible upon trial.

## ORDER

And now, May 19, 1972, defendant's application for suppression of the physical evidence in question is granted and it is directed that such evidence shall not be admissible upon trial.